IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| VMC SATELLITE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:04cv1455(JCC) |
| | ) | |
| SHANE MCWHORTER & | ) | |
| ALBERT DITOMASO | ) | |
| | ) | |
| Defendants. | ) | |

### M E M O R A N D U M   O P I N I O N

This matter comes before the Court on Defendant
DiTomaso's objection to the Magistrate Judge's Report and
Recommendation.  For the following reasons, the Court will
overrule Defendant's objection.

### I.  Background

On December 3, 2004, Plaintiff, VMC Satellite, Inc.
("VMC"), filed this action against Defendants, Shane McWhorter
and Albert DiTomaso, alleging that Defendants violated VMC's
rights under the Copyright Act, 17 U.S.C. § 101, *et seq.*  VMC's
complaint sought injunctive relief, actual and exemplary damages,
and an award of VMC's costs and attorneys' fees.  Because
Defendants appeared to be Ohio residents, VMC effected service of
process through the Secretary of the Commonwealth of Virginia,
who filed Certificates of Compliance with this Court on December
22, 2004.

Defendants failed to file any responsive pleadings or otherwise appear in this action.  On September 7, 2005, the Clerk of the Court entered default against Defendants.  On September 6, 2005, VMC filed a motion for entry of final default judgment and for an entry of a permanent injunction.  On September 9, 2005, Magistrate Judge Buchanan heard VMC's motion for entry of final default judgment and held an *ex parte* proof of damages hearing.  On October 5, 2005, Judge Buchanan issued a Report and Recommendation concluding that VMC was entitled to entry of a final default judgment and that VMC was entitled to recover from Defendants $170,940.00 plus $3,645.50 in attorneys' fees and costs.  Judge Buchanan also concluded that Defendants and their agents should be permanently enjoined from publishing, distributing, or marketing the content of VMC's website, as well as any other infringing conduct.

On October 17, 2005, Defendant DiTomaso filed with the Court a letter objecting to the Magistrate Judge's Report and Recommendation.[1]  This objection is currently before the Court.

## II.  Standard of Review

Rule 72(b) of the Federal Rules of Civil Procedure provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific,

---

[1]DiTomaso failed to serve his objection on VMC, and VMC did not become aware of the objection until late July 2006.  On August 10, 2006, VMC filed a response to DiTomaso's objection, which the Court will consider.

written objections to the proposed findings and recommendations."

Fed. R. Civ. P. 72(b).  After a party has made such objections,

> [t]he district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

*Id.*

### III.  Analysis

DiTomaso's letter to the Court contains only one specific, written objection to the Magistrate Judge's Report and Recommendation, namely, an objection to this Court's exercise of personal jurisdiction.[2]  As such, the Court will conduct a *de novo* review of the Magistrate Judge's finding of personal jurisdiction.  Since Defendants failed to file a responsive pleading to VMC's complaint, the Court's review will be based on the facts alleged in the complaint.  *See* Fed. R. Civ. P. 8(d). ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.")

---

[2]DiTomaso's letter contains a variety of other statements that attempt to explain the events that led to the entry of default against him.  DiTomaso explains that he created a website that used VMC's copyright images but felt that he did not violate any of VMC's rights under the Copyright Act in doing so.  For this reason, according to DiTomaso, he began to disregard all correspondence from VMC.  Each of these statements merely attempt to explain DiTomaso's failure to appear in this action, however, and do not pertain to any portion of the Magistrate Judge's proposed findings of fact or conclusions of law.  Under Rule 72(b), the Court will only consider specific, written objections to the Magistrate Judge's Report and Recommendation.

A.  Facts

VMC is a Virginia corporation with its principal place of business located in Great Falls, Virginia.  VMC is in the business of selling satellite television goods and services to consumers and conducts its business over the internet from its website at www.vmcsatellite.com.  Defendants are adult citizens of the state of Ohio.  At all times pertinent to VMC's claims, Defendants were general partners in a general partnership described as www.dishsite.net.

Prior to the launch of its website, VMC created and wrote original promotional text for use on the VMC website and compiled certain text materials provided by others to form an original work of authorship at the VMC website.  VMC also created original graphical images and compiled other graphic images provided by others, with authorization, to form an original image to be included on the VMC website ("the Image").  VMC created the Image in 2001 and first published it on the internet on or about October 1, 2002.  VMC holds a valid copyright in the Image and is the sole proprietor of all rights, title, and interest in and to the copyrights in the VMC Copyrighted Image.

On or about October 8, 2002, Defendants obtained the internet domain name www.dishsite.net and launched a website to market and sell website solutions, or website templates, that enable businesses to sell satellite television goods and services

online.   After the launch of the website at www.dishsite.net,

Defendants published the Image without authorization and sold

website solutions that included the Image, thereby facilitating

Defendants' customers' publication of the Image.   Defendants'

actions violated, infringed, and contributed to the infringement

of VMC's copyrights in and relating to the Image.

        VMC alleged personal jurisdiction under four provisions

of the Virginia long-arm statute, which provides that "[a] court

may exercise personal jurisdiction over a person, who acts

directly or by an agent, as to a cause of action arising from the

person's":

    1.   Transacting any business in this Commonwealth;

    2.   Contracting to supply services or things in this
    Commonwealth;

    3.   Causing tortious injury by an act or omission in
    this Commonwealth;

    4.   Causing tortious injury in this Commonwealth by an
    act or omission outside this Commonwealth if he
    regularly does or solicits business, or engages in any
    other persistent course of conduct, or derives
    substantial revenue from goods used or consumed or
    services rendered, in this Commonwealth.

Va. Code § 8.01-328.1(A)(1-4).   The Magistrate Judge recommended

a finding that the Court has personal jurisdiction over

Defendants pursuant to each of these four provisions.

        In issuing the Report and Recommendation, the

Magistrate Judge relied on the sworn declaration of VMC's

president and sole shareholder, Rick Rahim, which was attached to

VMC's motion for entry of default judgment ("Rahim Declaration").
A printout from Defendants' website at www.dishsite.net was
attached to the Rahim Declaration.  This website listed four
examples of Defendants' satisfied customers, including
"Telepromptrer [sic] Satellite" in Virginia.

B.  Standard of Review for Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) permits
dismissal of an action where the court lacks the requisite
personal jurisdiction.  To establish personal jurisdiction over a
non-resident, this Court must consider whether jurisdiction is
authorized by Virginia law and whether the exercise of personal
jurisdiction is consistent with traditional notions of fair play
and due process.  *See Ellicott Mach. Corp. v. John Holland Party
Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993); *Blue Ridge Bank v.
Veribanc, Inc.*, 755 F.2d 371, 373 (4th Cir. 1985).  Virginia's
long-arm statute extends personal jurisdiction to the fullest
extent permitted by due process.  *See English & Smith v. Metzger*,
901 F.2d 36, 38 (4th Cir. 1990).  It may, however, be possible
for the contacts of a non-resident defendant to satisfy due
process but not meet the specific grasp of a Virginia long-arm
statute provision.  *See Blue Ridge Bank*, 755 F.2d at 373;
*DeSantis v. Hafner Creations, Inc.*, 949 F. Supp. 419, 423 (E.D.
Va. 1996).

Once the existence of personal jurisdiction is properly challenged by a defendant, the plaintiff bears the burden of demonstrating personal jurisdiction by a preponderance of the evidence. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When, as here, the personal jurisdiction challenge does not dispute any particular factual questions, the Court may properly resolve the issue on the basis of the motion papers, the supporting legal memoranda, any supporting affidavits, and the relevant allegations of the complaint. *See id.* at 676; *Rannoch, Inc. v. The Rannoch Corp.*, 52 F. Supp. 2d 681, 684 (E.D. Va. 1999). In considering such a challenge, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs*, 886 F.2d at 676.

C.  Analysis

Although VMC alleges four statutory bases of personal jurisdiction and the Magistrate Judge recommended a finding of personal jurisdiction under each of these four bases, the Court finds it necessary to address only the first basis. The "transacting business" provision of the Virginia long-arm statute permits the exercise of personal jurisdiction over any person "who acts directly or by an agent, as to a cause of action arising from the person's . . . [t]ransacting any business in

this Commonwealth."  Va. Code § 8.01-328.1(A)(1).  This provision

extends the Court's personal jurisdiction to encompass any

nonresidents who transact business within Virginia.  *Peanut Corp.*

*of Am. v. Hollywood Brands, Inc.*, 696 F.2d 311, 313-14 (4th Cir.

1982).  One act of transacting business is sufficient.  *Id.* at

314.

In this case, Defendants' own website at

www.dishsite.net listed a Virginia company as one of only four

examples of Defendants' satisfied customers.  This sufficiently

demonstrates that Defendants transacted business within the

Commonwealth of Virginia.  Even if that act of transacting

business were not enough to satisfy Va. Code § 8.01-328.1(A)(1),

VMC has also demonstrated that Defendants marketed their services

to Virginia residents through a direct mail advertising campaign.

According to the second sworn declaration of Rick Rahim, Rahim

received a direct mail advertisement for the Dishsite website at

his office in Fairfax County, Virginia, in December 2002.  The

advertisement offered website solutions to customers and

contained VMC's copyrighted Image.  Thus, based on this direct

mail advertising campaign, it is clear that VMC's claims arise

from Defendants' transaction of business within Virginia.

The only remaining question is whether the exercise of

personal jurisdiction would satisfy the Due Process Clause of the

Fourteenth Amendment.  The assertion of personal jurisdiction

over a nonresident defendant satisfies due process requirements where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  As the Supreme Court has stated, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe Co.*, 326 U.S. at 316).  In other words, personal jurisdiction is appropriate where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

There are two approaches to determine the extent of a state's judicial power over non-residents under the *International Shoe* standard:  by finding specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002).  In determining whether specific jurisdiction exists, the Court considers:

> 1) the extent to which the defendant "purposefully
> avail[ed]" itself of the privilege of conducting
> activities in the State; (2) whether the plaintiffs'
> claims arise out of those activities directed at the
> State; and (3) whether the exercise of personal
> jurisdiction would be constitutionally "reasonable."

*Id.* at 712.

The evidence that Defendants marketed their website through direct mail sent to Virginia residents demonstrates purposeful availment of the privilege of conducting business in Virginia.  Further, the advertisements mailed by Defendants contained VMC's copyrighted Image; thus, VMC's claims arise out of Defendants' activities within Virginia.  Given these purposeful contacts, their connection to VMC's infringement claims, and the fact that Defendants actually had at least one customer in Virginia, the Court finds that the exercise of personal jurisdiction over Defendants is constitutionally reasonable.  Accordingly, the Court will overrule DiTomaso's objection to the Magistrate Judge's recommended finding of personal jurisdiction.

## IV.  Attorneys' Fees

VMC's response to DiTomaso's objection seeks not only the complete acceptance of the Magistrate Judge's Report and Recommendation, but also an additional award of the attorneys' fees incurred in responding to DiTomaso's objection.[3]  The Fourth

---

[3]The Magistrate Judge recommended an award of $3,493.50 in attorneys' fees and $152.00 in costs for the expenses incurred by VMC in prosecuting its infringement claims.

Circuit has set forth several factors to be considered in determining whether to award attorneys' fees and costs to a prevailing party under the Copyright Act: (1) the motivation of the parties; (2) the objective reasonableness of the factual positions advanced; (3) the need in particular circumstances to advance considerations of compensation and deterrence; and (4) any other relevant factor presented. *See Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 233-34 (4th Cir. 1993).

In this case, VMC has not articulated, under the *Rosciszewski* factors, why an award would be appropriate for the expenses it incurred in responding to DiTomaso's objection. The Court will note that VMC seeks $3,024.00 in additional attorneys' fees, an amount roughly equal to that which has already been spent prosecuting this action. VMC's counsel attests that he spent 10.7 hours responding to DiTomaso's objections. In light of the brevity of DiTomaso's letter and the limited objection it raised, the Court finds that number of hours expended in response was unreasonably excessive. Moreover, there is nothing to indicate that DiTomaso acted in bad faith in filing his objection to the Report and Recommendation. As such, the Court will deny VMC's request for an award of additional attorneys' fees.

## V.  Conclusion

For the foregoing reasons, the Court will overrule Defendant's objection to the Magistrate Judge's Report and

Recommendation and deny VMC's request for an award of additional

attorneys' fees.  An appropriate Order will issue.


August 30, 2006                    _____/s/_____
Alexandria, Virginia                    James C. Cacheris
                                   UNITED STATES DISTRICT COURT JUDGE